IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Criminal Action No. **3:11-CR-0152-L** |
| | § | |
| **JASON ALLEN NEFF**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Disclosure of *Brady/Giglio* Information and Motion for Early Production of *Jencks* Materials, filed September 13, 2012. After careful review of the motions, responses, record, and applicable law, the court **denies as requested** Defendant's Motion for Disclosure of *Brady/Giglio* Information and Motion for Early Production of *Jencks* Materials.

**I.     Defendant's Motion for Disclosure of *Brady/Giglio* Information**

Defendant moves this court to order the government to disclose immediately any *Brady/Giglio* information to the defense. Def.'s Mot. for Disclosure of *Brady/Giglio* Information and Mot. for Early Product. of *Jencks* Material and Mem. of Points and Authorities in Support Thereof 1. In response, the government assures the court that it will fully comply with its disclosure obligations under *Brady* and *Giglio* but opposes Defendant's motion to the extent that he seeks disclosure beyond that contemplated by the rules and applicable case law. Government's Resp. to Neff's Joint Mot. for Disclosure of *Brady/Giglio* and Early Produc. of *Jencks* 1. Specifically, the government argues that *Brady* was not intended to be a discovery tool for defendants; thus, it only

has a duty to disclose evidence favorable to the defense not to allow the defense to search the government's files for "possibly" exculpatory material. *Id.* at 4-5. The court agrees.

The government acknowledges its duty to provide defendant with exculpatory evidence under *Brady* and *Giglio* and that it has and will turn over all such material to the defense. The court expects the government to comply fully with its disclosure obligations and do so in a timely manner; however, the court determines that some of the items that Defendant requests and the timing with which he requests them exceed what is contemplated by *Brady* and *Giglio*. There is no obligation under *Brady* to produce evidence before trial. *See United States v. McKinney*, 758 F.2d 1036, 1049-50 (5th Cir. 1985) (declining to impose a rule that *Brady* requires the government to turn over evidence prior to trial). The government is only required to turn over such material to the defense "in time to put it to effective use at trial." *Id.* at 1050. Further, "*Brady* is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation." *United States v. Beasley*, 576 F.2d 626, 630 (5th Cir. 1978). "Thus, the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive defendant of a fair trial." *United States v. Bagley*, 473 U.S. 667, 675 (1985) (footnote omitted). To the extent that Defendant requests disclosure of more than the government is required to disclose under law, those portions of Defendant's Motion for Disclosure of *Brady/Giglio* Information are denied. Once again, the court expects the government to comply with its obligations regarding disclosure, and the government is fully aware of the sanctions that the court could impose for failure to comply with those obligations.

## II.   Defendant's Motion for Early Production of *Jencks* Material

Defendant moves for early disclosure of *Jencks* material 30 days before the suppression hearings. Def.'s Mot. for Disclosure of *Brady/Giglio* Information and Mot. for Early Produc. of *Jencks* Material and Mem. of Points and Authorities in Support Thereof 1. In response, the government contends that early disclosure of *Jencks* Act materials is not required under the law. The government states that, however, pursuant to local practice, it will disclose such materials by providing witness statements to Defendant no later than one day before that witness's trial testimony. *Id.* at 3. Therefore, Defendant's request for such material is satisfied, the government argues, by its voluntary production of witness statements prior to the witness's testimony. The court agrees.

To the extent that Defendant seeks disclosure of witness statements during pretrial discovery, the government has no obligation to disclose such statements under the Jencks Act. The government is required to disclose witness statements only *after* the witness's direct examination testimony. 18 U.S.C. § 3500(b); *United States v. Ramirez*, 174 F.3d 584, 587 (5th Cir. 1999). Here, the government has agreed to provide Defendant with witness statements *prior to* the witness's testimony, which it is not required by law to do. Therefore, the court will deny as requested Defendant's Motion for Early Production of *Jencks* Act Materials.

## III.   Conclusion

For the reasons herein stated, the court **denies as requested** Defendant's Motion for Disclosure of *Brady/Giglio* Information and Motion for Early Production of *Jencks* Materials.

**It is so ordered** this 18th day of December, 2012.

                                                _____
                                                Sam A. Lindsay
                                                United States District Judge