**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Criminal Action No. **3:11-CR-0152-L** |
| | § | |
| **JASON ALLEN NEFF**, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion for Pretrial Notice Under Rule 404(b) of Intention of Government to Introduce Evidence of Other Crimes, Wrongs, or Acts, filed February 11, 2013. After careful review of the motion, response, record, and applicable law, the court **denies as requested** Defendant's Motion for Pretrial Notice Under Rule 404(b) of Intention of Government to Introduce Evidence of Other Crimes, Wrongs, or Acts.

**I.      Factual and Procedural Background**

On September 2, 2010, the United States of America (the "government') filed a criminal complaint against Defendant Jason Allen Neff ("Defendant" or "Neff") in the Northern District of Texas, alleging violations of 18 U.S.C. §§ 371 and 1512(k).  Defendant was later named in a five-count indictment that charged him with Conspiracy to Use Access Devices to Modify Telecommunication Instruments and to Make Unauthorized Access to Protected Telecommunications Computers (Count One), in violation of 18 U.S.C. §§ 371, 1029(a)(9), 1030(a)(5)(A)(ii) and B(iv), 1030(a)(2)(A), and 875(d); and two counts of Obstruction of Justice: Retaliation Against a Witness, Victim, or an Informant (Counts Two and Five), in violation of 18 U.S.C. § 1513(b)(2).

Defendant moves this court for immediate pretrial notice of the government's intention to use at trial any evidence of other crimes, wrongs, or acts of Defendant under Federal Rule of Evidence 404(b) and also requests disclosure of the identity of those persons upon which the government intends to rely upon to demonstrate such evidence.  The government responds that it agrees to provide reasonable notice of the 404(b) evidence currently known to the government to the defense in advance of trial, and, in the event 404(b) evidence is discovered during trial, it agrees to notify the court and Defendant of its intent to introduce it.  To the extent that Neff request exceeds the scope of Rule 404(b), the government asks for the motion to be denied.

## II.    Legal Standard

Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  Such evidence, however, "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of a mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  The prosecutor must, on request of a defendant, provide *reasonable notice* of the *general nature* of any such evidence that the prosecutor intends to introduce at trial.  Fed. Rule Evid. 404(b)(2)(A) (emphasis added).  Notice must be given before trial, or during trial, "if the court, for good cause, excuses lack of pretrial notice."  Fed. R. Evid. 404(b)(2)(B).

## III.    Analysis

Rule 404(b) does not require the government, at the request of a defendant, to provide *immediate* notice of any 404(b) evidence it intends to introduce at trial; it only requires *reasonable*

**Memorandum Opinion and Order - Page 2**

notice. Moreover, Rule 404(b) does not require the government to identify the witnesses upon which it intends to rely on to introduce such evidence at trial. The government does not oppose giving Defendant reasonable notice of the general nature of 404(b) evidence it intends to offer into evidence at trial, as Rule 404(b)(2)(B) requires it to do. Thus, to the extent that Defendant's motion requests immediate disclosure of any 404(b) evidence and the specific identity of those persons the government will rely on to introduce such evidence, his motion is **denied**. To ensure that Defendant is afforded a reasonable notice of the government's intention to introduce 404(b) evidence, however, the court **orders** the government to provide Defendant notice of the general nature of such evidence **no later than fourteen (14) days before trial**.

The court has not seen the evidence that may be introduced and is unable to determine whether it falls within the parameters of 404(b) or is intrinsic evidence. The court may have to hold a hearing outside the presence of the jury to determine whether the evidence meets the requirements of 404(b) or falls within the definition of intrinsic evidence. If the evidence offered does not meet the requisite tests, it will be excluded.[*]

**It is so ordered** this 4th day of March, 2013.

Sam A. Lindsay
United States District Judge

---

[*] The court notes that Defendant cites cases from the Second Circuit and the Southern District of New York. This authority **is not** binding on the court, and Defendant should cite cases from the Fifth Circuit or Supreme Court. Unless there is no case authority from the Fifth Circuit or Supreme Court on the point he seeks to make, the court will ignore any cited authority that is not binding on it.

**Memorandum Opinion and Order - Page 3**